# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3893

_____

| | | |
|---|---|---|
| Larry Muldrow, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Robert H. Harrison; J. Van Meter; John | * | |
| Doe, Patrolman 1; John Doe, Patrolman | * | |
| 2, | * | |
| Defendants, | * | Appeal from the United States |
| | * | District Court for the |
| City of Texarkana, Arkansas, | * | Western District of Arkansas. |
| | * | |
| Appellee, | * | [UNPUBLISHED] |
| | * | |
| Patrolman Nick Elrod; Patrolman | * | |
| Corwin Harold Battle, | * | |
| | * | |
| Defendants, | * | |
| | * | |
| J. Van Meter, In His Individual and | * | |
| Official Capacities, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: July 19, 2010
Filed: July 23, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Larry Muldrow appeals the district court's[1] adverse grant of partial summary judgment on some of his claims and its judgment upon a jury verdict on his remaining claim.

Regarding the grant of partial summary judgment, after careful de novo review, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we agree with the conclusions set forth in the district court's memorandum opinion. As to the trial-related issues, we conclude that the district court did not abuse its discretion in allowing Muldrow's prior deposition testimony to be used for impeachment purposes, see Fed. R. Civ. P. 32(a)(5)(A) (describing circumstances in which deposition must not be used against party); see also McCoy v. Augusta Fiberglass Coatings, Inc., 593 F.3d 737, 746 (8th Cir. 2010) (evidentiary rulings reviewed for clear abuse of discretion), and we conclude that the district court did not abuse its discretion in denying Muldrow's request for a new trial or err in denying his request for judgment as a matter of law, see McKnight v. Johnson Controls, Inc., 36 F.3d 1396, 1400 (8th Cir. 1994) (setting forth standards of review; key question on review of denial of new trial is whether new trial should have been granted to avoid miscarriage of justice; judgment as matter of law is appropriate only where all evidence points one way and is susceptible of no reasonable inference sustaining position of nonmoving party).

Accordingly, we affirm.

_____

[1]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.